IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CORREY J. DARTEZ**                                                             **PETITIONER**

v.                                                        CIVIL ACTION NO. 1:20-CV-50-HSO-JCG

**FRANK SHAW**                                                                      **RESPONDENT**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody, filed by Petitioner Correy J. Dartez. The Petition challenges Dartez's 2014 conviction for murder. Respondent Frank Shaw, Warden of East Mississippi Correctional Facility, has filed a Motion to Dismiss (ECF No. 13), alleging that Dartez's Petition is barred by the one-year statute of limitations in 28 U.S.C. § 2244(d). Having considered the submissions of the parties, the record, and relevant legal authority, the undersigned United States Magistrate Judge concludes that Dartez's Petition is barred by the one-year statute of limitations and recommends that Respondent's Motion to Dismiss be granted and Petitioner's request for relief pursuant to 28 U.S.C. § 2254 be denied.

### I. BACKGROUND

Dartez is a postconviction inmate in the custody of the Mississippi Department of Corrections. After a jury trial in the Harrison County, Mississippi Circuit Court, Dartez was convicted for murder on June 11, 2014. He was sentenced to life in prison. Dartez appealed, but the Mississippi Supreme Court affirmed his conviction. *Dartez v. State*, 177 So. 3d 420 (Miss. 2015). During his appeal, Dartez

1

argued that his trial counsel was ineffective for failing to raise an insanity defense and for failing to challenge the introduction of his confession (ECF No. 14-5 at 1-17). The Mississippi Supreme Court affirmed his conviction, holding that it was unable to adequately address his ineffective assistance claims on direct appeal; instead it stated that he could seek leave of the Mississippi Supreme Court to file a petition for postconviction relief in the trial court. *Dartez*, 177 So. 3d at 423. Dartez did not petition the United States Supreme Court, and it does not appear that he ever sought state postconviction relief.

Dartez's instant 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus was received by this Court on February 6, 2020, but it was not dated (ECF No. 1). The envelope indicates that it was sent as "approved legal mail" on January 28, 2020 (ECF No. 1-1). His only ground for relief is "Correctional Confinement," and he indicated he is "asking for parole." His Petition does not include any additional facts or arguments (ECF No. 1). In response to an Order seeking additional information, Dartez appears to argue that his sentence and confinement constitute cruel and unusual punishment and violate the Equal Protection Clause, but he does not include any details (ECF No. 9). He cites to 28 U.S.C. § 1631, which relates to the transfer of federal civil cases to cure a lack of jurisdiction.

Respondent filed a Motion to Dismiss (ECF No. 13) on May 26, 2020, alleging that Dartez's Petition is barred by the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), codified at 28 U.S.C. § 2244(d). Respondent maintains that "Dartez's conviction became final for purposes

of the AEDPA's statute of limitations provision on Wednesday, January 27, 3016, ninety (90) days after the Mississippi Supreme Court's decision affirming Dartez's conviction and sentence." Because Dartez failed to file a response to the Motion, the Court entered two Orders to Show Cause (ECF Nos. 16 & 17). These Orders warned Dartez that his Petition could be dismissed for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. To date, Dartez has not filed a response to the Motion to Dismiss or otherwise corresponded with the Court.

## II. DISCUSSION

### A. Standard of Review

Before considering the merits of a petition under 28 U.S.C. § 2254 for a writ of habeas corpus, the Court must first determine if all procedural steps necessary to preserve each issue for federal review have been taken. The first consideration is whether the petition was timely filed:

> 1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>    A. the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    B. the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and

3

>    made retroactively applicable to cases on collateral review; or
>
>    D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> 2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### B. <u>Analysis</u>

Unless one of the narrow exceptions in 28 U.S.C. § 2244(d)(1)(B)-(D) apply, AEDPA requires that a federal habeas corpus petition be filed within one year of the date a petitioner's judgment of conviction becomes final, subject to statutory tolling for the period during which a properly filed motion for postconviction relief is pending in state court. *See generally Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003). Therefore, the Court must determine when Dartez's conviction became final for purposes of AEDPA and if he is entitled to statutory or equitable tolling.

Ultimately, "federal law controls when a state conviction becomes final for purposes of section 2244(d)(1)(A)." *Caldwell v. Dretke*, 429 F.3d 521, 529 (5th Cir. 2005) (citing *Roberts*, 319 F.3d at 694). There is no evidence that Dartez ever filed a petition before the United States Supreme Court. When a petitioner does not file a petition for writ of certiorari with the United States Supreme Court, the judgment becomes final ninety days "following the entry of judgment by the state court of last resort." *Roberts*, 319 F.3d at 694. The "issuance of the mandate by the state court of

4

appeals is of no consequence . . . ." *Id.* at 695. The judgment in Dartez's case became final on January 27, 2016. Therefore, his Petition for Writ of Habeas Corpus was due on or before January 27, 2017, unless he is entitled to statutory or equitable tolling.

There is no evidence that Dartez has filed any post-conviction motions in state court, and Dartez does not contradict Respondent's assertion that he has not. Because Dartez took no action in the year after the state court judgment became final, his Petition is barred as untimely unless he can show he is entitled to equitable tolling. However, he has not done so. A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling is available only in "rare and exceptional circumstances." *Felder v. Johnson,* 204 F.3d 168, 170-71 (5th Cir. 2000). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson,* 442 F.3d 872, 875 (5th Cir. 2006) (citing *Felder,* 204 F.3d at 174). The doctrine of equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Felder,* 204 F.3d at 171 (quoting *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)). "As a consequence, neither

excusable neglect nor ignorance of the law is sufficient to justify equitable tolling." *Sutton v. Cain,* 722 F.3d 312, 317 (5th Cir. 2013) (quoting *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002)).

Dartez never filed a response to the Motion to Dismiss, and his original Petition and supplemental responses make no arguments concerning equitable tolling. Dartez has not demonstrated any rare or exceptional circumstances; therefore, he is not entitled to equitable tolling.

Finally, Dartez's Petition may be dismissed for his failure to prosecute. He has failed to respond to the Motion to Dismiss (ECF No. 13) and the Court's Orders to Show Cause (ECF Nos. 16 & 17). He has not corresponded with the Court since May 18, 2020 (ECF No. 12). The Court has the authority to dismiss an action for a plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*. *Link v. Wabash R.R.*, 370 U.S. 626, 629-30 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link,* 370 U.S. at 630. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *Id.* at 629-30. The Court's authority to dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute extends to habeas petitions. *Martinez v. Johnson,* 104 F.3d 769, 772 (5th

Cir. 1997) (affirming dismissal of habeas petition for failure to prosecute under Rule 41(b)).

### III. RECOMMENDATION

Based on the above analysis, the undersigned recommends that Respondent's Motion to Dismiss be granted and Correy J. Dartez's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus be denied.

### IV. NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 2nd day of December, 2020.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE
