**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **CORREY J. DARTEZ** | § | **PETITIONER** |
| | § | |
| | § | |
| **v.** | § | **Civil No. 1:20cv50-HSO-JCG** |
| | § | |
| | § | |
| **FRANK SHAW** | § | **RESPONDENT** |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [18]; GRANTING RESPONDENT'S MOTION [13] TO DISMISS; AND DENYING PETITION [1] FOR WRIT OF HABEAS CORPUS

This matter comes before the Court on the Report and Recommendation [18] of United States Magistrate Judge John C. Gargiulo, entered in this case on December 2, 2020.   The Magistrate Judge recommended that Respondent Frank Shaw's Motion [13] to Dismiss be granted, and that Petitioner Correy J. Dartez's Petition [1] for Writ of Habeas Corpus be denied.   R. & R. [18] at 7.   Petitioner has not objected to the Report and Recommendation [18], and the time for doing so has passed.

After due consideration of the Report and Recommendation [18], the record, and relevant legal authority, the Court finds that the Magistrate Judge's Report and Recommendation [18] should be adopted, that Respondent's Motion [13] to Dismiss should be granted, and that Petitioner's Petition for Writ of Habeas Corpus should be denied.

## I.   BACKGROUND

A.   Factual background

Petitioner Correy J. Dartez ("Petitioner" or "Dartez") was indicted in the Circuit Court of Harrison County, Mississippi, Second Judicial District, in 2013 for murder (Count I) and aggravated assault on a peace officer (Count II).   *See* R. [14-1] at 13-14.   Dartez was found guilty of murder as charged in Count I, and on June 11, 2014, he was sentenced to life imprisonment.   *See id.* at 84-85.   Count II was "passed to the files."   *Id.* at 84 (emphasis removed).   Dartez appealed, but on October 29, 2015, the Mississippi Supreme Court affirmed the Circuit Court's judgment.   *See* R. [14-6] at 3-9; *see also Dartez v. State*, 177 So. 3d 420 (Miss. 2015). Dartez did not file petition for certiorari with the United States Supreme Court, and it does not appear from the record that he ever sought state postconviction relief.

B.   Procedural history

Dartez has filed a Petition [1] under 28 U.S.C. § 2254 for Writ of Habeas Corpus, which was received by this Court on February 6, 2020.   The Petition [1] was not dated, but the envelope indicates that it was sent as "Approved Legal Mail" on January 28, 2020.   R. [1-1] at 1.

The Petition's only asserted ground for relief is "Correctional Confinement," Pet. [1] at 5, and indicates that Dartez is "asking for parole," *id.* at 15.   The Petition does not include any additional facts or arguments.   On March 25, 2020, the Magistrate Judge entered an Order [6] requiring Petitioner to respond and answer two questions clarifying the relief he is seeking.   Dartez filed a Response [9] in which he appears to argue that his sentence and confinement constitute cruel

and unusual punishment and violate the Equal Protection Clause.   Resp. [9] at 1.

Dartez also states that he seeks relief from confinement pursuant to 28 U.S.C.

§ 1631.   *See id.*[1]

Respondent filed a Motion [13] to Dismiss, arguing that, to the extent Dartez

challenges his conviction and sentence, his Petition [1] is untimely filed in violation

of the one-year statute of limitations of the Anti-Terrorism and Effective Death

Penalty Act of 1996 (the "AEDPA").   *See* Mot. [13] at 2-6.   Respondent next

contends that, to the extent Dartez seeks release on parole, he fails to state a claim

upon which federal habeas relief can be granted.   *See id.* at 2, 6-8.   Alternatively,

Respondent argues that all of Dartez's claims are unexhausted and should also be

dismissed on that basis.   *See id.* at 2, 8-10.

Dartez did not respond to the Motion to Dismiss.   The Magistrate Judge

entered two Orders [16], [17] to Show Cause directing Dartez to respond and

warning him that his Petition could be dismissed for failure to prosecute pursuant

to Federal Rule of Civil Procedure 41(b) if he failed to do so.   *See* Order [17] at 1-2;

Order [16] at 1.   To date, Dartez has not responded to the Motion to Dismiss or the

Orders to Show Cause.   Nor has Dartez otherwise corresponded with the Court.

On December 2, 2020, the Magistrate Judge entered a Report and

Recommendation [18] recommending that Respondent's Motion [13] to Dismiss be

granted and that Dartez's § 2254 Petition be denied.   R. & R. [18] at 7.   A copy of

the Report and Recommendation [18] was mailed to Dartez at his address of record

---

[1] This statute concerns the availability of a transfer to another court in civil cases to cure want of jurisdiction, which is not applicable here.   *See* 28 U.S.C. § 1631.

on December 2, 2020.   Dartez has not filed any objections to the Report and Recommendation, and the time for doing so has passed.

## II.   DISCUSSION

Where no party has objected to a magistrate judge's report and recommendation, the Court need not conduct a de novo review of it.   28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").   In such cases, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review.   *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Having conducted the required review of the record, the Court concludes that the Magistrate Judge's findings are not clearly erroneous, nor are they an abuse of discretion or contrary to law.   *See id.*   For the reasons articulated by the Magistrate Judge, Respondent's Motion [13] to Dismiss should be granted, and Dartez's Petition should be denied.

## III.   CONCLUSION

The Court will adopt the Magistrate Judge's Report and Recommendation [18] as the opinion of this Court, will grant Respondent's Motion [13] to Dismiss, and will deny Dartez's Petition [1].

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Report and Recommendation [18] of United States Magistrate Judge John C. Gargiulo, entered in this case on December 2, 2020, is adopted in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Respondent Frank Shaw's Motion [13] to Dismiss is **GRANTED**, and Petitioner Correy J. Dartez's 28 U.S.C. § 2254 Petition [1] for Writ of Habeas Corpus is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 5th day of January, 2021.

_s/ Halil Suleyman Ozerden_
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE